**Clarence V. KNIGHT, Plaintiff—Appellant,**

v.

**P. PRUDHOMME; et al., Defendants—Appellees.**

**No. 06–15484.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Jan. 13, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Clarence V. Knight, Soledad, CA, for Plaintiff–Appellant.

Alvin Gittisriboongul, Esq., Attorney General's Office for the State of California, Sacramento, CA, for Defendants–Appellees.

Before: WALLACE, TROTT, and RYMER, Circuit Judges.

## MEMORANDUM **

Clarence V. Knight, a California state prisoner, appeals pro se from the district court's judgment, following a jury trial, in his 42 U.S.C. § 1983 action claiming that defendants transferred him to another prison in retaliation for filing grievances. We have jurisdiction under 28 U.S.C. § 1291. We review the jury verdict for substantial evidence; the credibility of witnesses is an issue for the jury and is generally not subject to appellate review. *Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 482 (9th Cir.2000). We affirm.

■ Contrary to Knight's contentions, substantial evidence supports the jury's verdict. The jury was presented with testimony that the prison transfer was non-retaliatory, and although Knight offered evidence to the contrary, we "must disregard evidence favorable to [him] that the jury is not required to believe." *Pavao v. Pagay,* 307 F.3d 915, 918 (9th Cir.2002).

We are not persuaded by Knight's contention that the trial judge was biased against him. *See Price v. Kramer,* 200 F.3d 1237, 1252 (9th Cir.2000) ("A judge's participation during trial warrants reversal only if the record shows actual bias or leaves an abiding impression that the jury perceived an appearance of advocacy or partiality." (internal citations omitted)).

The district court did not abuse its discretion when it denied Knight's request to challenge a potential juror for cause. *See Hard v. Burlington N.R. Co.,* 870 F.2d 1454, 1460 (9th Cir.1989) (explaining that the "trial court has broad discretion in its rulings on challenges for cause"). The district court also did not abuse its discretion when it declined Knight's proposed voir dire question regarding race because it was not evident that race was "an important aspect" of the trial and Knight makes no claim that he objected to the district court's decision. *Monroe v. City of Phoenix,* 248 F.3d 851, 856 (9th Cir.2001) ("The scope of voir dire depends on the circumstances of the case, which is why we give district judges broad discretion to control voir dire."), *overruled on other grounds as recognized in Acosta v. Hill,* 504 F.3d 1323, 1324 (9th Cir.2007).

■ We do not consider Knight's contentions that one of the jury instructions was improper and that black people were under-represented in the jury pool, because he did not raise these issues in district court. *See Bird v. Lewis & Clark Coll.,* 303 F.3d 1015, 1022–23 (9th Cir.2002) (jury instruction challenge was waived by

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**114**

failure to object at trial); *Dodd v. Hood River County,* 59 F.3d 852, 863 (9th Cir. 1995) (appeals court does not consider an issue not raised below).

Knight's remaining contentions are not persuasive.

We deny as moot Knight's motion for judicial notice.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.